GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
By: Natasha W. Teleanu
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2528
Facsimile: (212) 637-2786
Email: natasha.teleanu@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE NEW YORK TIMES COMPANY,<br><br>      Plaintiff,<br><br>      v.<br><br>DEPARTMENT OF HEALTH AND HUMAN SERVICES and CENTERS FOR DISEASE CONTROL AND PREVENTION,<br>      Defendants. | 20 Civ. 03704 (JSR)<br><br>**ANSWER** |

    Defendants Department of Health and Human Services ("HHS") and the Centers for Disease Control and Prevention ("CDC") (together, "Defendants"), by their attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, hereby answer the complaint of plaintiff The New York Times Company (the "Plaintiff") as follows:

    1.  Paragraph 1 of the complaint consists of Plaintiff's characterization of this action, to which no response is required. To the extent a response is required, admit that Plaintiff brings this action under the Freedom of Information Act ("FOIA"), and that Plaintiff submitted FOIA requests to Defendants, and deny that Defendants constructively denied Plaintiff's requests.

    2.  Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 2 of the complaint and on that basis deny the

allegations.

3. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 3 of the complaint and on that basis deny the allegations.

4. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 4 of the complaint and on that basis deny the allegations.

5. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in the first and third sentences of paragraph 5 of the complaint and on that basis deny the allegations. Defendants deny the allegations contained in the second and fourth sentences of paragraph 5 of the complaint.

6. Defendants admit that Plaintiff submitted a FOIA request seeking "All Human Infection with 2019 Novel Coronavirus Person Under Investigation (PUI) and Case Report Forms ('COVID-19 Case Report Forms') submitted to HHS or any of its components." Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in the second, third, and fourth sentences of paragraph 6 of the complaint and on that basis deny the allegations.

7. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 7 of the complaint and on that basis deny the allegations.

8. HHS admits the allegations contained in paragraph 8 of the complaint.

9. CDC admits the allegations contained in paragraph 9 of the complaint.

10. Paragraph 10 of the complaint consists of conclusions of law regarding

jurisdiction, to which no response is required.

11. Paragraph 11 of the complaint consists of conclusions of law regarding venue, to which no response is required.

12. Paragraph 12 of the complaint consists of conclusions of law regarding administrative exhaustion, to which no response is required.

13. Paragraph 13 of the complaint sets forth broad contentions regarding matters that are not necessary to the resolution of this case, such that no response is required. To the extent a response is required, Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations as worded in paragraph 13 of the complaint and on that basis deny the allegations.

14. Paragraph 14 of the complaint sets forth broad contentions regarding matters that are not necessary to the resolution of this case, such that no response is required. To the extent a response is required, Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations as worded in paragraph 14 of the complaint and on that basis deny the allegations, and respectfully refer the Court to the referenced letter for the full and accurate contents therein.

15. Paragraph 15 of the complaint sets forth broad contentions regarding matters that are not necessary to the resolution of this case, such that no response is required. To the extent a response is required, Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations as worded in paragraph 15 of the complaint and on that basis deny the allegations, and respectfully refer the Court to the referenced letter for the full and accurate contents therein.

16. Paragraph 16 of the complaint sets forth broad contentions regarding matters

that are not necessary to the resolution of this case, such that no response is required. To the extent a response is required, Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations as worded in paragraph 16 of the complaint and on that basis deny the allegations.

17.     Paragraph 17 of the complaint sets forth broad contentions regarding matters that are not necessary to the resolution of this case, such that no response is required. To the extent a response is required, Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations as worded in paragraph 17 of the complaint and on that basis deny the allegations.

18.     Paragraph 18 of the complaint sets forth broad contentions regarding matters that are not necessary to the resolution of this case, such that no response is required. To the extent a response is required, Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations as worded in paragraph 18 of the complaint and on that basis deny the allegations.

19.     Admits the allegations contained in paragraph 19 of the complaint.

20.     HHS admits the allegations contained in paragraph 20 of the complaint.

21.     CDC admits that it replied in writing to Plaintiff's request on April 21, 2020, and respectfully refers the Court to the referenced letter for the full and accurate contents therein.

22.     CDC admits that at some time after CDC responded in writing on April 21, 2020, Plaintiff contacted by telephone a CDC employee assigned to process the request. CDC further admits the employee informed Plaintiff that in order to process the request CDC's FOIA Office would need to determine the amount and format of the information requested by Plaintiff that was in the agency's possession.

23. CDC admits that an agent of Plaintiff contacted a CDC employee assigned to process the request multiple times by telephone. CDC further admits that during one of the calls the employee informed the agent of Plaintiff it was her understanding that the information requested by Plaintiff was in the process of being entered into an electronic database.

24. CDC admits the allegations contained in paragraph 24 of the complaint.

25. CDC admits that CDC's FOIA Office responded to Plaintiff via an email dated May 6, 2020 that included, among other things, the language cited in paragraph 25 of the complaint.

26. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 26 of the complaint and on that basis deny the allegations.

27. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the complaint and on that basis deny the allegations.

28. Defendants hereby incorporate their responses to paragraphs 1-27 above.

29. Paragraph 29 of the complaint consists of conclusions of law, to which no response is required.

30. Paragraph 30 of the amended complaint consists of conclusions of law, to which no response is required.

31. Defendants deny the allegations contained in paragraph 31 of the complaint.

32. Paragraph 32 of the amended complaint consists of conclusions of law, to which no response is required.

33. Paragraph 33 of the complaint consists of a portion of Plaintiff's prayer for relief, to which no response is required.

34. Paragraph 34 of the complaint consists of a portion of Plaintiff's prayer for relief, to which no response is required.

35. Paragraph 35 of the complaint consists of a portion of Plaintiff's prayer for relief, to which no response is required.

36. Paragraph 36 of the complaint consists of a portion of Plaintiff's prayer for relief, to which no response is required.

## DEFENSES

For further defenses, Defendants allege as follows:

### FIRST DEFENSE

Some or all of the requested documents are exempt from disclosure, in whole or in part, and Plaintiff is not entitled to compel the production of records protected from disclosure by any applicable FOIA exemptions or exclusions. *See* 5 U.S.C. § 552(b).

### SECOND DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized under FOIA, 5 U.S.C. § 552.

### THIRD DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's requests for any relief beyond the scope of Plaintiff's FOIA requests at issue in this suit.

### FOURTH DEFENSE

Plaintiff is not entitled to attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

### FIFTH DEFENSE

At all times alleged in the Complaint, Defendants were acting in good faith, with

justification and pursuant to authority, and exceptional circumstances necessitate additional time for Defendants to process Plaintiff's FOIA requests.

Defendants may have additional defenses which are not known at this time but which may become known through further proceedings.  Accordingly, Defendants reserve the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants respectfully requests that the Court: (1) dismiss the Complaint with prejudice; (2) enter judgment in favor of defendants; and (3) grant such further relief as the Court deems just and proper.

Dated: New York, New York
       June 15, 2020

        Respectfully submitted,

        GEOFFREY S. BERMAN
        United States Attorney
        Southern District of New York

By:   /s/ *Natasha W. Teleanu*
      NATASHA W. TELEANU
      Assistant United States Attorney
      86 Chambers Street, Third Floor
      New York, New York 10007
      Tel.: (212) 637-2528
      Fax: (212) 637-2786
      E-mail: natasha.teleanu@usdoj.gov